UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMAS ALVAREZ** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-13192** |
| **CENTRAL BOAT RENTAL, INC., ET AL** | **SECTION: "A" (4)** |

## ORDER

Before the Court is **Motion to Compel Discovery Responses (R. Doc. 15)** filed by the Plaintiff seeking an order from the Court to compel the production of surveillance obtained by the Defendant prior to the Plaintiff's deposition. The Motion was opposed. R. Doc. 19. The motion was submitted on December 7, 2016. For the following reasons, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

### I.   Background

Tomas Alvarez ("Plaintiff") filed this action in the District Court on July 25, 2016 for damages in admiralty under the Jones Act and the general maritime law. R. Doc. 1. The Plaintiff worked for Central Boat Rental ("Defendant") at the time. On April 17, 2016 while working aboard the M/V MISS PAMELA while underway from Panama City, Florida to Morgan City, Louisiana, a "snatch" line parted, and it was necessary for the tow cable line to be retrieved because a lose barge that had been in tow was drifting towards a platform. *Id.* at p. 2. The MISS PAMELA came into contact with barge while the Plaintiff was attempting to get control of the barge. *Id.* The Plaintiff alleges that this caused him to fall and resulted in serious injuries to himself. *Id.* at p. 2-3. The Plaintiff seeks to recover $4,500,000.00 in damages for past, present, and future medical expenses; pain, suffering, and mental anguish; related general damage losses; and future medical care. *Id.* at p. 5.

On November 18, 2016, the Plaintiff has filed the instant motion to compel discovery responses (R. Doc. 15) and the motion to expedite (R. Doc. 16). In particular, the Plaintiff seeks to compel the production of any surveillance of the Plaintiff that the Defendant might have prior to the Plaintiff's deposition currently noticed for December 8, 2016. R. Doc. 15-2, p. 1. The Plaintiff states that the parties have conferred, but, while the Defendant acknowledges that surveillance exists, the Defendant refuses to produce that surveillance prior to the Plaintiff's deposition. R. Doc. 15-3, p. 1. The Court denied the motion to expedite. R. Doc. 18.

The Defendant appears to acknowledge that it must produce the surveillance tapes, but argues that the existing case law in the District warrants delaying the production of such tapes until after the Plaintiff's deposition. R. Doc. 19.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

**III.   Analysis**

For the instant motion to compel, the Plaintiff seeks production of "[a]ny and all surveillance footage or photographs [the Defendant], or anyone acting on [Defendant's] behalf, have made or taken of the plaintiff." R. Doc. 19, p. 1; R. Doc. 15. Moreover, the Plaintiff seeks to require that production in advance of the Plaintiff's deposition currently noticed for December 8, 2016. R. Doc. 15-2, p. 1. In arguing for production, the Plaintiff cites to a plethora of case law demonstrating that such surveillance tapes have substantive value in addition to whatever impeachment value they might hold for the Defendant. R. Doc. 15-3, p. 2; *see, e.g., Chiasson v.*

3

*Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993). In response, the Defendant argues that, while the tapes might ultimately have to be produced under the directive of *Chiasson*, Courts in balancing the need to preserve the impeachment value of the tapes with their substantive value have routinely allowed the tapes to be produced following the Plaintiff's deposition. R. Doc. 19, p. 5-8.

Certainly, under *Chiasson*, the Plaintiff appears to be entitled to the discovery of the surveillance tapes prior to trial. 988 F.2d 517-18. However, *Chiasson* "does not address the issue of timing, only the necessity of discovery prior to trial." *Tennessee Gas Pipeline v. Rowan Companies*, Nos. 94-3863, 94-4083, 95-0044, 95-1720, 1996 WL 592736, at *1 (E.D. La. Oct. 11, 1996) (Duval, J.). Therefore, the Court finds that the proper procedure to preserve the substantive and impeachment values of such evidence is to require production of the surveillance tapes *after* the Plaintiff's deposition. "This approach has been recognized as the better solution with respect to the discovery of these [surveillance] materials." *Tennessee Gas Pipeline*, 1996 WL 592736, at *1. *Accord*, *Diaz v. Griggs*, No. 06-9130, 2007 WL 4522495, at *2 (E.D. La. Dec. 18, 2007) (Engelhardt, J.). As the Court explains in *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582 (S.D. Tex. 1996):

> [R]ecognizing that the impeachment value of surveillance evidence may well be lessened or lost by disclosure to the plaintiff, many courts have held that surveillance evidence must be disclosed only *after* the plaintiff's deposition has been taken. This procedure preserves the impeachment value of the surveillance by requiring the plaintiff to commit by deposition to a description of the scope of his injuries, but allows the plaintiff sufficient time before trial to evaluate the surveillance evidence to determine its authenticity and accuracy.

168 F.R.D. at 586 (citations omitted).

As such, the Court will grant the Plaintiff's motion to compel the production of the surveillance tapes *only after* the Plaintiff's deposition.

**IV.     Conclusion**

IT IS ORDERED that the Plaintiff's **Motion to Compel Discovery (R. Doc. 15)** is **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER ORDERED that the motion is **GRANTED** to the extent that the Defendant must produce the surveillance of the Plaintiff immediately after his deposition.

IT IS FURTHER ORDERED that the motion is **DENIED** to the extent that the Plaintiff sought the surveillance prior to his deposition.

New Orleans, Louisiana, this 7th day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**